## JOSEPH B. WEST V. CITY OF OMAHA.

FILED MAY 19, 1896.   No. 6589.

1. **Municipal Corporations:** CONDEMNATION PROCEEDINGS: WAIVER: INTEREST ON AWARD. A petition filed with and acted upon by the proper authorities of the city of Omaha was as follows: "We, the undersigned owners of the lots below described set opposite our respective names, do hereby petition your honorable body to cause to be opened and extended Twenty-second street from the south line of E. V. Smith's Addition south to Charles street, said city. In consideration of such action we hereby waive all right and claim to prepayment or tender of damages which may accrue to us by the appropriation of any of our real estate therefor, or otherwise. Our damages to be duly ascertained and paid to us as the fund therefor may accrue from the payment of assessment or special taxes as by law provided, or through the judgment of the courts. Said street so to be opened to be sixty-two (62) feet wide, the width of the lots below described." *Held*, That the parties who signed the petition each waived the right to have the damages awarded to him by the appraisers in condemnation proceedings of his property taken in the course of the improvement asked by the petition, paid at the time the property was taken, and was not entitled to collect interest on the amount of the award from the date of the appropriation of the property to the time of its payment from funds derived from the collection of the taxes levied for its payment.

2. ————: ————: VALUE OF HOUSE: EVIDENCE. Evidence in regard to the value of a house removed by plaintiff from premises appropriated by the city in the course of the extension of a street and converted to his own use examined, and *held* insufficient to sustain the finding of the trial judge on this point.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*Edward W. Simeral*, for plaintiff in error.

*E. J. Cornish*, contra.

HARRISON, J.

It appears that the proper authorities of the city of Omaha, on or about the 12th of September, 1889, in the course of a proposed extension of Twenty-second street,

appropriated lot 12, in Godfrey's Addition to Omaha, on which there was then a dwelling house, a barn, and certain other improvements. The city authorities had caused the property to be appraised in what may be termed condemnation proceedings, in the manner provided by law, and the committee of appraisers made the following report:

"We, the undersigned committee duly appointed by the mayor and confirmed by the city council of Omaha city, and having qualified for the duty as required by law to assess any damages that may arise by appropriating land for the opening of Twenty-second street from E. V. Smith's Addition to Charles street, do find the following persons entitled to the amount of money as placed, to-wit:

\*        \*        \*        \*        \*        \*        \*

Joseph B. West, for lot 12, Godfrey's Addition .. $3,720
And all improvements thereon except the barn
   (the barn to be removed by J. B. West) . . . . . . .    1,450
\*        \*        \*        \*        \*        \*        \*

"Respectfully submitted, with plat signed and attached, also waiver of notification."

"W. J. KENNEDY.
"E. M. STENBERG.
"W. H. ALEXANDER."

The plaintiff, and other parties, filed an acceptance of the assessment by the committee, which read as follows:

"We, the undersigned, whose property has been declared by the city of Omaha necessary to be appropriated for the opening of Twenty-second street south from E. V. Smith's Addition to Charles street, hereby agree to accept the assessment made by W. R. Kennedy, E. V. Stenberg, and Alexander, appraisers appointed by the council to make such assessment of damages, as satisfactory.

"J. M. MARSTON,
"Pres. Board Trustees Seward St. M. E. Church
"J. B. WEST,
"Sect. Board of Trustees.
"E. G. HUMPHREY.
"J. B. WEST.
"THOS. MELDRUM."

After appraisement had been made and the plaintiff had abandoned the property and the improvements thereon to the use of the city in making the proposed extension of the street, he removed the house to another part of the city, and after placing it on a lot and repairing it, sold it. It appears that he had consent of one or two members of the city council and city attorney to remove the house, but it is conceded that this permission was not sufficient and that his removal of the house was without any authority or right. The city, when it paid plaintiff for his property, retained of the amount assessed in his favor by the appraisers the sum of $750, as the value of the house taken by him. The payment was not made until about eighteen months subsequent to the time of the appropriation of the property by the city, and the payment of interest on the sum adjudged to be his damages, for the time stated, was refused by the city. This action was brought by plaintiff to recover the amount he claimed to be due him for the house, and also interest on the amount awarded him by the appraisers from the date his property was taken by the city to the time of the payment of the award. In regard to the claim for interest, the defense pleaded and urged in behalf of the city was that the plaintiff had, by written instrument filed with it and acted upon, waived the right to recover any interest. The law relating to the appropriation of property, as was this by the city, contemplates that when the property is taken a tender or payment of the damages awarded shall then be made. In order to a compliance with this requirement, after the improvement has been decided upon and the appraisement made, reported, and approved, an assessment must be made and a fund realized therefrom to make the tender or payment. This necessitates some delay in the commencement of the projected improvement, and so it would have been in this instance, but the plaintiff and others, asking for the extension of the street, filed with the city authorities the following petition:

"June 11, 1889.

"*To the Honorable the Mayor and Council of the City of Omaha:* We, the undersigned, owners of the lots below described set opposite our respective names, do hereby petition your honorable body to cause to be opened and extended Twenty-second street from the south line of E. V. Smith's Addition south to Charles street, said city. In consideration of such action we hereby waive all right and claim to prepayment or tender of damages which may accrue to us by the appropriation of any of our real estate therefor, or otherwise. Our damages to be duly ascertained and paid to us as the fund therefor may accrue from the payment of assessment or special taxes as by law provided, or through the judgment of the courts. Said street to be opened sixty-two (62) feet wide, the width of the lots below described.

"Name.          Lot.          Block.          Addition.
"J. B. West.... 12................. Godfrey's Add."

The action of the city in respect to the extension of Twenty-second street was in compliance with the above request, and the improvement was made, taxes levied, and when collected the amount was paid.

Conceding that if property is taken by condemnation proceedings before payment or tender of damages is made that the owner would be entitled to interest on the principal sum, his due, from the time of the appropriation of the property to the date of the payment of such sum, the right to collect interest may be waived. The only question urged here is, Did the instrument signed by the plaintiff constitute a waiver of interest, or was the construction that it was such waiver given it by the trial judge a correct one? This must be answered in the affirmative. The instrument, by its terms, does not delay the time of payment beyond what it would otherwise have been, but says: "Proceed with the improvement. Take the property now and we will wait for the money until the time elapses necessary for the as-

sessments and their collection." Nothing became due
the parties under it until such time as the funds were
collected. No enforceable claim existed in their favor
until the time stated in the instrument. The right to
tender or payment at the time of the appropriation of
the property was waived in direct terms. If it be said
that this was a forbearance of payment of the awards
for the necessary length of time, it may be answered
that it was a forbearance or delay, not at the instance
of the debtor; was one which, of the debtor's own voli-
tion, would not have been created or existed, but was
of the creation of the creditors, was at their instance
and request. The trial judge did not err in holding that
the plaintiff was not entitled to collect interest.

It is urged that the judge before whom the cause was
tried in the district court erred in finding that the value
of the house removed from the premises by the plaintiff
was the sum of $750, and that the city authorities did
right in retaining of the award of the appraisers to
plaintiff the sum of $750. The plaintiff had no right to
the house. It did not belong to him, but to the city, and
he had no permission to remove it and treat it as his
own, and by his so doing the city became entitled to
recover of him its fair value, what it would sell for
under the existing conditions, standing on a lot from
which the buyer must remove it, and if no more than
this had been retained from the amount of the award,
it is conceded that the judgment in this case may be
affirmed as right. The highest salable value, all the
conditions being considered and entering into the esti-
mation placed upon the house by any witness, was $600.
This being true, there was no sufficient evidence to war-
rant or sustain the finding of a value of $750, and the
judgment for defendant, predicated in part on such find-
ing, was wrong. It follows that the judgment must be
reversed and the cause remanded.

REVERSED AND REMANDED.